

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

CR 15-41 (JDB)

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 24, 2015

# FILED

## APR 3 0 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

BY ELECTRONIC MAIL

Barry M. Sabin, Esq.
Latham & Watkins LLP
555 11th Street, N.W., Suite 1000
Washington, DC 20004-1304

    Re:   *United States v. Schlumberger Oilfield Holdings, Ltd.*

Dear Mr. Sabin:

    This letter sets forth the full and complete plea offer to your client, Schlumberger Oilfield Holdings, Ltd. ("SOHL," "your client," or "the defendant") from the United States Attorney's Office for the District of Columbia ("USAO-DC") and the National Security Division of the United States Department of Justice ("NSD") (collectively "the Government"). If SOHL accepts the terms and conditions of this offer, an authorized representative of SOHL and you should execute this document in the spaces provided below.

    Please include a notarized copy of the resolution of the Board of Directors of SOHL which states that your client has authorized this plea agreement and has empowered you as its outside counsel to act on its behalf for purposes of this plea. In addition, please include a certification by an authorized corporate officer of Schlumberger Ltd. that provides that Schlumberger Ltd. and all of its direct or indirect affiliates or subsidiaries, including SOHL (together, "Schlumberger Ltd."), agree to certain undertakings as set forth in this plea agreement in exchange for the Government's agreement in Paragraph 3.

    This letter will become the plea agreement ("Plea Agreement"). This plea offer expires on March 25, 2015.

The terms of the plea offer are as follows:

1.     **Charges and Statutory Penalties**

SOHL agrees to waive indictment and enter a plea of guilty to a criminal Information, a copy of which is attached, charging your client with conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1705, in violation of 18 U.S.C. § 371. Your client agrees that the Information will be filed in the United States District Court for the District of Columbia.

SOHL understands that a violation of 18 U.S.C. § 371 carries a maximum fine of $500,000, or a fine of twice the gross gain or gross loss, whichever is greater, pursuant to 18 U.S.C. § 3571(d). SOHL may also be subject to a term of corporate probation of not less than one year and not more than five years pursuant to 18 U.S.C. § 3561. The Court may also order restitution pursuant to 18 U.S.C. § 3663. Fines imposed by the Court may be subject to the payment of interest. SOHL also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, Guidelines Manual (2013) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any period of probation. In addition, the Court will order SOHL to pay a mandatory special assessment of $100 to the Clerk of the U.S. District Court for the District of Columbia.

2.     **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Plea Agreement.

SOHL agrees to appear before the Court through an authorized representative and to admit its guilt to the offenses charged in the Information. SOHL agrees to accept the Statement of Offense attached hereto as the basis for its admission of guilt, and admit these facts when its plea is entered before the Court. This Plea Agreement is contingent on SOHL's acceptance of the Statement of Offense.

3.     **Additional Charges**

In consideration of SOHL's guilty plea to the above offense and the complete fulfillment of all of the defendant's and Schlumberger Ltd.'s obligations under this Plea Agreement, no additional criminal charges shall be filed against the defendant, Schlumberger Ltd., or their successors-in-interest by the Government with regard to any act within the scope of or related to the conduct described in the Statement of Offense or this investigation. This Plea Agreement provides no immunity or protection, in any manner, for individuals from any criminal investigation or prosecution.

2

**4.   Sentencing Guidelines Analysis**

The parties agree that SOHL's sentence is not governed by the Sentencing Guidelines. That is because, although the offense conduct to which SOHL is pleading guilty is covered by U.S.S.G. § 2M5.1, Evasion of Export Controls; Financial Transactions with Countries Supporting International Terrorism, that Guideline is not listed under § 8C2.1 which governs criminal fines for organizations. Accordingly, pursuant to U.S.S.G. § 8C2.10, the sentence is determined by applying 18 U.S.C. §§ 3553 and 3572.

**5.   Agreed Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, SOHL and the Government agree that a $155,138,904 criminal fine and a period of three years of corporate probation is an appropriate sentence and should be imposed by the Court in connection with your client's guilty plea to the Information, taking into account the inapplicability of the Sentencing Guidelines, the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, and the need for the sentence to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to other criminal conduct, as well as for the sentence imposed to protect the public from further crimes. 18 U.S.C. § 3553(a)(1). SOHL and the Government agree that this is a reasonable and appropriate sentence, which is sufficient, but not greater than necessary, to achieve the purposes of sentencing in light of the factors set forth under 18 U.S.C. §§ 3553(a) and 3572. SOHL acknowledges that no tax deductions may be sought in connection with the payment of the forfeiture and criminal fine.

SOHL further agrees to the entry of a forfeiture money judgment of $77,569,452 against it (the "Forfeiture Amount"), as discussed below in Paragraph 12. The criminal fine and Forfeiture Amount shall be paid to the United States no later than fourteen (14) days after the date of sentencing.

Except as may otherwise be agreed by the parties hereto in connection with a particular transaction, SOHL agrees that if at any time while it has obligations under the Plea Agreement the defendant sells, merges, or transfers all or substantially all of its business operations as they exist as of the date of this Plea Agreement, whether such sale is structured as a stock or asset sale, merger, or transfer, SOHL shall include in any contract for sale, merger, or transfer a provision fully binding the purchaser(s) or any successor(s) in interest thereto to the guarantees and obligations described in this Plea Agreement.

SOHL agrees to waive a pre-sentence investigation and report and consents to the Court conducting a sentencing hearing and imposing the sentence on the same date as the entry of the guilty plea.

3

SOHL and the Government further agree that the following conditions of corporate probation are appropriate in this case and SOHL agrees to abide by them:

(a)   SOHL shall pay a criminal fine in the amount of $155,138,904; forfeiture in the amount of $77,569,452; and a $100 special assessment;

(b)   SOHL shall not commit any felony violation of United States Federal law, during the term of the probation;

(c)   SOHL shall continue to participate in and abide by the compliance program maintained by Schlumberger Ltd; and

(d)   SOHL shall continue to cooperate fully with the Government in a manner set forth below in Paragraph 6.

### 6.   Cooperation of SOHL

In addition to the conditions of corporate probation set forth above, SOHL shall cooperate fully with the Government in a manner consistent with applicable law and regulations, in any and all matters concerning any act within the scope of or related to the conduct described in the Statement of Offense or this investigation or other potential violations of sanctions pursuant to IEEPA occurring during the probation period. At the request of the Government, SOHL shall also cooperate fully with other domestic law enforcement authorities and agencies in any investigation of SOHL, its affiliates, subsidiaries, or any of its present and former officers, directors, employees, agents, and consultants, or any other party, in any and all matters concerning any act within the scope of or related to the conduct described in the Statement of Offense or this investigation or relating to other potential violations of sanctions pursuant to IEEPA occurring, in whole or in part, during the probation period. The obligation to cooperate with such investigations commenced during the probation period regarding alleged conduct that occurred during the probation period shall continue, notwithstanding the expiration of the probation period, until such investigation is concluded. Such cooperation shall include, but not be limited to the following:

(a)   SOHL, shall, to the extent consistent with the foregoing, truthfully disclose to the Government all factual information not protected by a valid claim of attorney-client privilege or work-product doctrine protection with respect to the activities of the defendant, its present and former officers, directors, employees, agents, and consultants, concerning any act within the scope of or related to the conduct described in the Statement of Offense or this investigation or relating to other potential violations of sanctions pursuant to IEEPA occurring, in whole or in part, during the probation period about which the Government or, at the request of the Government, any domestic law enforcement authorities and agencies, shall inquire;

(b)   SOHL shall provide to the Government, upon request, any non-privileged or non-protected document, record, or other materials concerning any act within the scope of or related to the conduct described in the Statement of Offense or this investigation or relating to other potential violations of sanctions pursuant to IEEPA occurring, in whole or in part, during the

4

probation period about which the aforementioned authorities and agencies shall inquire of the defendant, subject to the direction of the Government; and

(c) SOHL shall use its best efforts to make available for interviews or testimony, as requested by the Government, present or former officers, directors, employees, agents, and consultants, in any and all matters concerning any act within the scope of or related to the conduct described in the Statement of Offense or this investigation or relating to other potential violations of sanctions pursuant to IEEPA occurring, in whole or in part, during the probation period. This obligation includes, but is not limited to, sworn testimony before federal grand juries or federal trials, as well as interviews with domestic law enforcement and regulatory authorities. Cooperation under this paragraph shall include, at the request of the Government, identification of witnesses who, to SOHL's knowledge, may have material information concerning any act within the scope of or related to the conduct described in the Statement of Offense or this investigation or other potential violations of sanctions pursuant to IEEPA occurring, in whole or in part, during the probation period.

### 7. Additional Commitments of Schlumberger Ltd.

In exchange for the Government's agreement in Paragraph 3, Schlumberger Ltd. agrees it will fulfill the commitments and be bound to the terms outlined in this paragraph (Paragraph 7) of the Plea Agreement. In particular, Schlumberger Ltd. agrees to cooperate with the Government and abide by the following terms:

(a) In addition to the disclosure requirements set forth in paragraph 7(c) below, Schlumberger Ltd. agrees that it shall promptly notify the Government of any conduct of its Drilling & Measurements business segment during the probation period that Schlumberger Ltd. determines to be a fraud or anti-bribery violation of United States federal criminal law. Schlumberger Ltd. also agrees that it will provide prompt notification to the Government of any action or investigation commenced by any United States government agency that alleges a fraud or anti-bribery violation of United States federal law or a violation of sanctions pursuant to IEEPA caused by Schlumberger Ltd.;

(b) Schlumberger Ltd. agrees that it and its subsidiaries, divisions, segments, and affiliates will continue to withdraw all Schlumberger Ltd. operations in Iran and Sudan, and during the probation period will not execute or enter into any new contracts or agreements pursuing new business operations in Iran and Sudan, or generate any new revenue from Iran and Sudan, except in the event of a change in U.S. law that materially eases sanctions prohibiting U.S. person involvement in business in those countries, in which case, Schlumberger Ltd. shall notify the Government prior to re-entering the relevant country;

(c) Schlumberger Ltd. agrees to guarantee, secure, and ensure delivery by SOHL of all the payments due from SOHL under this Plea Agreement; provided, however, that such guarantee shall be expressly conditioned upon the Court's acceptance of the Plea Agreement and entry of a judgment consistent with all provisions of this Plea Agreement.

Schlumberger Ltd. acknowledges that no tax deductions may be sought in connection with the payment of the forfeiture and criminal fine. Schlumberger Ltd. hereby stipulates and agrees that it will not institute or participate in any proceeding to interfere with, alter, or bar enforcement of any fine, penalty, special assessment, or forfeiture order imposed on SOHL pursuant to this Plea Agreement. Except as may otherwise be agreed by the parties hereto in connection with a particular transaction, Schlumberger Ltd. agrees that if at any time while it has obligations and commitments under the Plea Agreement Schlumberger Ltd. sells, merges, or transfers all or substantially all of its business operations as they exist as of the date of this Plea Agreement, whether such sale is structured as a stock or asset sale, merger, or transfer, Schlumberger Ltd. shall include in any contract for sale, merger, or transfer a provision fully binding the purchaser(s) or any successor(s) in interest thereto to the guarantees and obligations described in this Plea Agreement;

(d) In a manner consistent with the cooperation requirements to which SOHL has agreed in Paragraph 6, Schlumberger Ltd. agrees that it shall cooperate fully with the Government in any and all matters concerning any act within the scope of or related to the conduct described in the Statement of Offense or this investigation or any other potential violations of sanctions pursuant to IEEPA occurring, in whole or in part, during the probation period. Such cooperation shall be in a manner consistent with applicable law and regulations. This includes cooperating fully in any investigation of Schlumberger Ltd., and any of its present and former officers, directors, employees, agents, and consultants, or any other party, in any and all matters concerning any act within the scope of or related to the conduct described in the Statement of Offense or this investigation or other potential violations of IEEPA sanctions occurring, in whole or in part, during the probation period;

(e) Schlumberger Ltd. agrees that it shall notify the Government of credible evidence of any potential violations of sanctions pursuant to IEEPA occurring during the probation period ("Potential Violations"). Schlumberger Ltd. further agrees that it will provide the requisite notification to the Government of Potential Violations within thirty (30) days of determining the existence of credible evidence of a Potential Violation;

(f) Notwithstanding any notification obligation triggered by subsection (e), above, Schlumberger Ltd. shall, truthfully disclose to the Government all factual information not protected by a valid claim of attorney-client privilege or work-product doctrine protection with respect to the activities of Schlumberger Ltd., its present and former officers, directors, employees, agents, and consultants concerning such Potential Violations about which the Government shall inquire. Schlumberger Ltd. shall provide to the Government, upon request, any non-privileged or non-protected document, record, or other materials concerning such Potential Violations about which the Government shall inquire. To the extent Schlumberger Ltd. invokes any claim of privilege over information within the scope of a Government inquiry, Schlumberger Ltd. shall notify the Government of such claim and shall maintain a privilege log to be provided to the Government upon request;

6

(g) Schlumberger Ltd. shall use its best efforts to make available for interviews or testimony, as required by the Government, present or former officers, directors, employees, agents, and consultants concerning such Potential Violations;

(h) Schlumberger Ltd. represents that it has implemented and will continue to implement and maintain throughout the term of probation a compliance and ethics program designed to prevent and detect violations of sanctions pursuant to IEEPA and applicable U.S. export control laws throughout its operations, including those of its subsidiaries, divisions, segments, and affiliates. Implementation of these policies and procedures shall not be construed in any future criminal proceeding initiated by the Government as providing immunity or amnesty to Schlumberger Ltd. or SOHL for any crimes not disclosed to the Government as of the date of the signing of this Plea Agreement for which Schlumberger Ltd. or SOHL would otherwise be responsible. In order to address any deficiencies in its internal controls, policies, and procedures, Schlumberger Ltd. represents that it has undertaken, and will continue to undertake during the three-year term of probation, a review of existing internal controls, policies, and procedures regarding compliance with sanctions pursuant to IEEPA and applicable U.S. export control laws;

(i) Schlumberger Ltd. agrees to retain an independent, third-party compliance consultant (the "Consultant") to review and assess in a professionally independent and objective fashion Schlumberger Ltd.'s processes, policies, and procedures related to compliance with sanctions pursuant to IEEPA ("Sanctions Policies and Procedures") and the non-privileged sanctions trade compliance audits conducted by Schlumberger Ltd.'s internal audit function ("Sanctions Audit Reports"). Schlumberger Ltd. agrees that it will retain the Consultant for the purpose of conducting the Consultant's Reviews as described below. Prior to retaining the Consultant, Schlumberger Ltd. shall give notice to the Government of the Consultant it has selected and provide the Government with an opportunity to object. Schlumberger Ltd. shall provide the Government a copy of its agreement with the Consultant. The Consultant's objective is to conduct a two-part review and issue subsequent written reports that are disclosed to Schlumberger Ltd. and the Government, as set forth below:

    i.    Such Consultant shall have (1) demonstrated expertise with respect to compliance with sanctions pursuant to IEEPA, (2) experience designing and/or reviewing corporate compliance policies, procedures and internal controls concerning compliance with IEEPA sanctions, and (3) sufficient independence from Schlumberger Ltd. to ensure effective and impartial performance of the Consultant's duties as described;

    ii.    Schlumberger Ltd. shall cooperate fully with the Sanctions Policies and Procedures reviews described herein; however, Schlumberger Ltd. does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other privilege applicable to third parties;

    iii.    Upon its engagement, the Consultant shall execute a patent and confidentiality agreement with Schlumberger Ltd., agreeing to maintain as confidential any information learned during its engagement as the

Consultant under this agreement and all work product of the Consultant, except as provided in subparagraph (vi);

iv.   Schlumberger Ltd. agrees that no attorney-client relationship shall be formed between it and the Consultant. In addition, Schlumberger Ltd. shall require that the Consultant enter into an agreement with Schlumberger Ltd. that provides that for the period of engagement and for a period of two years from completion of the engagement that the Consultant shall not enter into any employment, consultant, attorney-client, auditing, or other professional relationship with Schlumberger Ltd., or any of its present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such. The agreement will also provide that the Consultant will require that any firm with which it is affiliated or of which it is a member, and any person engaged to assist it in performance of its duties under this Plea Agreement shall not, without prior written consent of the Government, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Schlumberger Ltd., or any of its present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years after the engagement;

v.   Schlumberger Ltd. shall require the Consultant to conduct two reviews of Schlumberger Ltd.'s Sanctions Policies and Procedures and Sanctions Audit Reports (the "Consultant's Reviews"), the first to be commenced no later than six (6) months following the commencement of the period of probation, and the second to be commenced no later than thirty (30) months following the commencement of the period of probation. Each Consultant's Review shall be completed within forty-five (45) days of the start of the Consultant Review. When reviewing Schlumberger Ltd.'s Sanctions Policies and Procedures, the scope of the Consultant's Reviews shall be to assess whether, during the probation period, appropriate policies and procedures are in place, whether those policies and procedures identify responsible parties, and whether there exist any material gaps in those policies and procedures specifically with respect to Sanctions Policies and Procedures regarding training, subject matter, personnel, and operations covered. Through a review of guidance and training materials, the Consultant's Reviews will assess whether policies are in place to ensure the Sanctions Policies and Procedures are implemented effectively. The Consultant's Reviews will assess auditing and testing methodologies Schlumberger Ltd. employs to ensure its compliance with sanctions pursuant to IEEPA, for which purpose Schlumberger Ltd. shall provide the Consultant with access to Schlumberger Ltd.'s Sanctions Audit Reports during the probation period;

vi.   Upon completion of each of the Consultant's Reviews, the Consultant shall issue a written report (the "Consultant's Reports") within sixty (60) days following the conclusion of the respective Consultant Review. The Consultant's Report shall simultaneously be shared with the Government

8

and shall include: (a) a summary of the Consultant's review and evaluation, (b) if necessary, recommendations reasonably designed to improve the Sanctions Policies and Procedures, and (c) a summary of credible evidence of Potential Violations identified in the Sanctions Audit Reports, or confirmation that the Sanctions Audit Reports identified no such credible evidence. Schlumberger shall meet with the Government within sixty (60) days of the issuance of each of the Consultant's Reports. The Consultant shall execute an agreement acknowledging that the contents of the Consultant's Reports and any recommendations made by the Consultant to Schlumberger Ltd. are the sole property of Schlumberger Ltd.;

vii.   Schlumberger Ltd. agrees that these undertakings shall be binding upon any acquirer or successor in interest to Schlumberger Ltd. or substantially all of Schlumberger Ltd.'s assets and liabilities or business;

viii.  Schlumberger Ltd. agrees that, for good cause shown, the Government may extend any of the procedural dates set forth above. Schlumberger Ltd. also agrees that if the terms of probation are extended by one year or more due to a material breach of this Agreement, it will retain the Consultant for the purpose of conducting a third review, which in all respects shall be identical in form to the two reviews discussed herein.

(j) Schlumberger Ltd. agrees that annually during the term of probation, including between thirty (30) and sixty (60) days before the expiration of the term of probation, the General Counsel of Schlumberger Ltd. shall execute and provide to the Government, a certification that to the best of the General Counsel's knowledge, after reasonable inquiry, Schlumberger Ltd. is in compliance with Paragraph 7 of this Plea Agreement. This certification shall also include the General Counsel's attestation that Schlumberger Ltd. has continued to maintain its compliance and ethics program designed to prevent and detect violations of sanctions pursuant to IEEPA throughout its operations, including those of its subsidiaries, divisions, segments, and affiliates;

(k) The General Counsel's certifications, the agreement with the Consultant and the Consultant's Reports, and Schlumberger Ltd.'s disclosures of information related to Potential Violations will likely include proprietary, financial, confidential, and competitive business information. Moreover, public disclosure of these materials could discourage cooperation and thus undermine the objectives of this Plea Agreement's reporting requirements. Accordingly, these materials are intended to remain and shall remain non-public, except as otherwise agreed to by the Government and Schlumberger Ltd. in writing, or except to the extent that the Government determines in its sole discretion that disclosure would be in furtherance of the Government's discharge of its duties and responsibilities or is otherwise required by law; and

(l) Schlumberger Ltd. waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation

9

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552(a).

**8.   Acceptance of Agreement by the Court**

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Plea Agreement to the Court for its approval.  In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Plea Agreement.  If the Court accepts this Plea Agreement, the Court will sentence SOHL to a fine of $155,138,904 and three years of corporate probation.  SOHL understands that if the Court accepts this Plea Agreement, then the Court will embody in the judgment and sentence the disposition provided for in this Plea Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

**9.   Rejection of this Agreement by the Court**

The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject this Plea Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure.  SOHL understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of this Plea Agreement, and will afford SOHL an opportunity to withdraw the plea or maintain the plea. If SOHL elects to maintain the plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this Plea Agreement.  SOHL further understands that if the Court rejects this Plea Agreement, the Government also has the right to withdraw from this Plea Agreement and to be freed from all obligations under this Plea Agreement, and may in its sole discretion bring different or additional charges before your client enters any guilty plea in this case.

If the Court rejects this Plea Agreement, SOHL elects to maintain this plea, and the Government does not exercise its right to withdraw from this Plea Agreement, the parties agree that SOHL will be sentenced upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Guidelines.  SOHL further understands that, in such case, the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to impose a sentence within the Sentencing Guidelines range or to follow any recommendation of the Government at the time of sentencing.

SOHL acknowledges that should the Court reject this Plea Agreement, SOHL elects to maintain the plea, and the Government fails to exercise its right to withdraw from this Plea Agreement, SOHL's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence.  The Government cannot, and does not, make any promise or representation as to what sentence SOHL will receive should the Court reject this Plea Agreement, SOHL elects to maintain the plea, and the Government fails to exercise its right to withdraw from this Plea Agreement.  Moreover, it is understood that SOHL will have no right to withdraw its plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

**10.**   **Reservation of Allocution**

SOHL understands that the Government reserves its right to provide any information to the Court in support of this Plea Agreement. SOHL further understands that the Government reserves its full right of allocution for purposes of sentencing in the event the Court rejects the Plea Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure and SOHL does not maintain its guilty plea, or, if SOHL withdraws its guilty plea at any time. In such an event, the Government reserves its right to recommend a fine up to the maximum fine allowable by law and to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of SOHL's misconduct, including misconduct not described in the charges to which SOHL is pleading guilty.

**11.**   **Waivers**

**A.**   **Statute of Limitations, Speedy Trial and Venue**

SOHL and Schlumberger Ltd. agree that, should the conviction following this plea of guilty pursuant to this Plea Agreement be vacated for any reason, any prosecution by the Government related to or arising from the conduct charged in the Information that is not time-barred by the applicable statute of limitations or speedy trial under the United States Constitution or Speedy Trial Act on the date of the signing of this Plea Agreement may be commenced or reinstated against SOHL and/or Schlumberger Ltd., notwithstanding the expiration of the statute of limitations or the Speedy Trial Act between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution, provided such prosecution is commenced within six (6) months of the date the Plea Agreement is vacated plus the remaining time period of the statute of limitations as of the date that this Plea Agreement is signed.

SOHL and Schlumberger Ltd. agree that, should the conviction following this plea of guilty pursuant to this Plea Agreement be vacated for any reason, any prosecution may proceed in the District of Columbia.

**B.**   **Trial Rights**

Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to be indicted by a grand jury, the right to plead not guilty and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, and to compel witnesses to appear to testify and present other evidence on your client's behalf. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be

11

on the United States to prove your client's guilt beyond a reasonable doubt.  If your client were found guilty after a trial, your client would have the right to appeal the conviction.  Your client understands that, by pleading guilty, your client is waiving each of these rights.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from the Plea Agreement after signing it.

### C.   Appeal Rights

Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances.  Your client agrees to waive the right to appeal the sentence in this case, including any term of imprisonment, fine, forfeiture, award of restitution, term of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court or your client claims that your client received ineffective assistance of counsel, in which case your client would have the right to appeal the illegal sentence or above-guidelines sentence or raise on appeal a claim of ineffective assistance of counsel, but not to raise on appeal other issues regarding the sentencing.  In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court.  Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Plea Agreement.

### D.   Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under the Plea Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2).

E.    Privacy Act and FOIA Rights

Your client also agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

12.    Forfeiture

(a) SOHL agrees to the Forfeiture Amount set forth in the Forfeiture Allegation in the criminal Information to which it is pleading guilty. Specifically, SOHL agrees to pay the United States a forfeiture money judgment in the amount of $77,569,452.

(b) SOHL agrees that the proffer of evidence supporting its guilty plea is sufficient evidence to support this forfeiture. SOHL agrees that the Court may enter a preliminary Consent Order of Forfeiture for this property at the time of SOHL's guilty plea or at any time before sentencing. SOHL agrees that this Order will become final as to SOHL when it is issued and will be a part of the sentence pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

(c) SOHL agrees that, if SOHL does not pay the United States a forfeiture money judgment in the amount of $77,569,452 within fourteen (14) days after the date of sentencing, this Plea Agreement permits the Government to seek to forfeit any of its assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies the asset. Regarding any asset or property, SOHL agrees to forfeiture of all interest in: (1) any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violation to which it is pleading guilty; and (2) any substitute assets for property otherwise subject to forfeiture. See 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461; 21 U.S.C. § 853(p).

(d) SOHL agrees that, if SOHL does not pay the United States a forfeiture money judgment in the amount of $77,569,452 within fourteen (14) days after the date of sentencing, the Government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture it has consented to in this Plea Agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the Government chooses to effect the forfeiture provisions of this Plea Agreement through the criminal forfeiture process, SOHL agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. SOHL understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

(e) SOHL agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### 13.    Breach of Agreement

SOHL understands and agrees that, if after it executes this Plea Agreement, either SOHL or Schlumberger Ltd. materially breaches this Plea Agreement, or SOHL engages in any felony violation of United States Federal law prior to sentencing (a) the Government will be free from its obligations under the Plea Agreement; (b) SOHL will not have the right to withdraw the guilty plea; (c) SOHL will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against SOHL, directly or indirectly, in any criminal or civil proceeding, all statements made by SOHL and Schlumberger Ltd. and any of the information or materials provided by SOHL and Schlumberger Ltd., including such statements, information and materials provided pursuant to this Plea Agreement, including SOHL's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

SOHL acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. SOHL knowingly and voluntarily waives the rights that arise under these rules. As a result of the waiver, SOHL understands and agrees that any statements that are made in the course of its guilty plea or in connection with its cooperation pursuant to this Plea Agreement will be admissible against SOHL for any purpose in any criminal or civil proceeding if SOHL materially breaches this Plea Agreement.

If SOHL or Schlumberger Ltd. commits a material breach of this Plea Agreement, any prosecution of SOHL and/or Schlumberger Ltd. within the scope of or related to the conduct described in the Statement of Offense or this investigation and not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against SOHL and/or Schlumberger Ltd. in accordance with this paragraph, notwithstanding the running of the statute of limitations before commencement of such prosecutions, provided such prosecution is brought within six (6) months of such breach plus the remaining time period of the statute of limitations as of the date that this Plea Agreement is signed.

SOHL and Schlumberger Ltd. understand and agree that the Government shall only be required to prove a material breach of this Plea Agreement, including a felony violation of United States law by SOHL by a preponderance of the evidence.

Within thirty (30) days of notice of a material breach of the Plea Agreement, SOHL and/or Schlumberger Ltd. shall have the opportunity to cure the breach or make a presentation to the Government to demonstrate that no breach has occurred, or, to the extent applicable, that the breach was not material or willful, or otherwise explain the nature and circumstances of such breach as well as the action of SOHL and/or Schlumberger Ltd. has taken to address and remediate the breach.

Nothing in this Plea Agreement shall be construed to permit SOHL or Schlumberger Ltd. to commit perjury, to make false statements or declarations, to obstruct justice, or to protect it from prosecution for any crimes not included within this Plea Agreement or committed by SOHL

14

or Schlumberger Ltd. after execution of this Plea Agreement. SOHL and Schlumberger Ltd. understand and agree that the Government reserves the right to prosecute SOHL and/or Schlumberger Ltd. for any such offenses. SOHL and Schlumberger Ltd. further understand that any perjury, false statements or declarations, or obstruction of justice relating to the obligations under this Plea Agreement shall constitute a material breach of this Plea Agreement. In the event of such a breach, SOHL will not be allowed to withdraw its guilty plea.

### 14.   Public Statements

SOHL and Schlumberger Ltd. expressly agree that they shall not cause to be made, through their attorneys, boards of directors, agents, officers, employees, consultants or authorized agents (including contractors, subcontractors, or representatives), including any person or entity controlled by any of them, any public statement contradicting or excusing any statement of fact contained in the Statement of Offense. Any such public statement by SOHL or Schlumberger Ltd., their attorneys, boards of directors, agents, officers, employees, consultants, contractors, subcontractors, or representatives, including any person or entity controlled by any of them, shall constitute a willful and material breach of this Plea Agreement as governed by Paragraph 13 of this Plea Agreement, and SOHL and/or Schlumberger Ltd. would thereafter be subject to prosecution pursuant to the terms of this Plea Agreement. The decision of whether any public statement by any such person contradicting or excusing a fact contained in the Statement of Offense will be imputed to SOHL or Schlumberger Ltd. for the purpose of determining whether the Plea Agreement has been materially breached shall be in the sole and reasonable discretion of the Government.

Upon the Government's notification to SOHL or Schlumberger Ltd. of a public statement by any such person that in whole or in part contradicts or excuses a statement of fact contained in the Statement of Offense, SOHL and Schlumberger Ltd. may avoid breach of this Plea Agreement by publicly repudiating such statement within seventy-two hours after notification by the Government. SOHL and Schlumberger Ltd. shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Statement of Offense provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Statement of Offense. This paragraph does not apply to any statement made by any present or former officer, director, employee, or agent of SOHL or Schlumberger Ltd. in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of SOHL and/or Schlumberger Ltd. Subject to this paragraph, SOHL and Schlumberger Ltd. retain the ability to provide information or take legal positions in litigation or other regulatory proceedings in which the Government is not a party.

SOHL and Schlumberger Ltd. agree that if they issue a press release or hold any press conference in connection with this Plea Agreement, SOHL and Schlumberger Ltd. shall first consult with the Government to determine (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the parties; and (b) whether the Government has no objection to the release.

15

### 15.    Prosecution by Other Agencies or Jurisdictions

This Plea Agreement binds only the USAO-DC and the NSD. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; or any State or local prosecutor. These individuals and agencies remain free to prosecute SOHL for any offenses committed within their respective jurisdictions. The USAO-DC and NSD agree to contact any prosecuting jurisdiction and advise that jurisdiction of the terms of this Plea Agreement and the cooperation, if any, provided by SOHL and Schlumberger Ltd.

### 16.    Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If SOHL agrees to the conditions set forth in this letter, both SOHL and you should sign the original in the spaces provided below and return the executed Plea Agreement to us. The original of this Plea Agreement will be filed with the Court.

This Plea Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement. Facsimile or electronically submitted signatures are acceptable, binding signatures for purposes of this Plea Agreement.

Sincerely,

RONALD C. MACHEN JR.
United States Attorney

Maia L. Miller
Zia Faruqui
Assistant United States Attorneys

JOHN P. CARLIN
Assistant Attorney General
National Security Division

Casey Arrowood
Trial Attorney
National Security Division
U.S. Department of Justice

16

## DEFENDANT'S ACCEPTANCE

I am authorized to act on behalf of Schlumberger Oilfield Holdings, Ltd. in this matter.

I have read this Plea Agreement and have discussed it with counsel, Barry M. Sabin, Esq. I am fully satisfied with the legal services provided by Mr. Sabin. I understand this Plea Agreement and voluntarily agree to it. No threats have been made to me or Schlumberger Oilfield Holdings, Ltd., nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. No promises, agreements, understandings, or conditions have been made or entered into except those set forth in this Plea Agreement.

Date: _25 March 2015_                     _____

## ATTORNEYS' ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of this Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: _3/25/15_                     _____

BARRY M. SABIN
DOUGLAS N. GREENBURG
ERIC S. VOLKMAN
SCOTT C. JONES
Latham & Watkins LLP
Attorneys for Schlumberger Oilfield Holdings, Ltd.

17